IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETER DEBOSE, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-3030 |
| § | |
| SMITH & WOLLENSKY § | |
| RESTAURANT GROUP, INC., § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

Petitioner Peter Debose filed this Petition to Vacate Arbitrator's Partial Final Clause Construction Award ("Petition to Vacate") [Doc. # 1], asking this Court to set aside the Arbitrator's decision that the arbitration could proceed only on an individual basis, not as a class. Respondent Smith & Wollensky Restaurant Group, Inc. ("Smith & Wollensky") filed an Opposition [Doc. # 21], and Petitioner filed a Reply [Doc. # 22].

Soon after the briefing was completed, the United States Supreme Court issued its decision in *Oxford Health Plans LLC v. Sutter*, __ U.S. __, 133 S. Ct. 2064 (2013). Both parties filed notices of the Supreme Court's *Sutter* decision, and Petitioner filed a Motion for the Court to Remand this Case to the Arbitrator for Further Consideration ("Motion to Remand") [Doc. # 24], to which Respondent filed an Opposition [Doc. # 27], and Petitioner filed a Reply [Doc. # 31].

The Court has carefully considered the full record in this case. Based on that review and the application of governing legal authorities, the Court denies Petitioner's Petition to Vacate and Motion to Remand.

## I.     BACKGROUND

Debose filed a "Class Action Complaint" before the American Arbitration Association, alleging that Smith and Wollensky violated the Fair Labor Standards Act ("FLSA") by taking an improper "tip credit" against the minimum wage paid to wait staff, thereby paying these employees less than the permissible minimum wage. Debose sought certification of the arbitration as a class action. Defendant objected, arguing that it had not consented to class arbitration.

After appointment of the Hon. Susan S. Soussan as the Arbitrator, the parties agreed that the class certification issue should be decided by the arbitrator as a preliminary matter.[1] On July 13, 2012, after extensive briefing, the Arbitrator issued her Partial Final Award on Arbitration Clause Construction ("Partial Final Award"), attached as Exhibit 2 to Petitioner's Memorandum in Support of Petition [Doc. # 3]. The Arbitrator found that the arbitration clause was silent on the issue of class arbitration. Finding further that there was no contractual or other legal basis to

---

[1]   The parties do not dispute that Debose's individual claims are subject to a binding arbitration provision, or that the question of whether the parties' contract provides for class arbitration was an issue to be decided by the arbitrator.

conclude that the parties agreed to class arbitration, the Arbitrator interpreted the parties' contract to allow arbitration only on an individual claim, not as a class action.

Petitioner filed his Petition to Vacate and his Motion to Remand, which have been fully briefed and are ripe for decision.

## II.     REVIEW OF ARBITRATOR'S DECISION

Under the Federal Arbitration Act ("FAA"), "courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health*, 133 S. Ct. at 2068 (quoting *First Options of Chicago, Inc. v. Kaplan*, 415 U.S. 938, 842 (1995)). In this case, Petitioner relies on 9 U.S.C. § 10(a)(4), which allows a federal court to set aside an arbitrator's award where the arbitrator exceeded his powers. "A party seeking relief under that provision bears a heavy burden." *Id.* "'It is not enough . . . to show that the [arbitrator] committed an error – or even a serious error.'" *Id.* (quoting *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Id.* (internal quotations and citations omitted). "So the sole question for [the court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Id.* "So long as

the arbitrator was arguably construing the contract . . . a court may not correct his mistakes under § 10(a)(4)." *Id.* at 2070 (internal quotations and citation omitted).

In this case, the Arbitrator quoted the arbitration clause from the parties' Dispute Resolution Agreement ("DRA"). The Arbitrator identified the issue as "whether the DRA permits class action notwithstanding its silence on the issue." *See* Partial Final Award, p. 4. The Arbitrator noted correctly that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *See id.* at 5 (quoting *Stolt-Nielsen*, 559 U.S. at 684). The Arbitrator considered the parties' respective arguments regarding how the arbitration clause of the DRA should be interpreted and, based on the absence of any contractual or legal basis to conclude that the parties agreed to class certification, interpreted the DRA to provide only for individual, not class, arbitration. As was true in *Oxford Health*, the Arbitrator in this case clearly "did what the parties had asked: [S]he considered their contract and decided whether it reflected an agreement to permit class proceedings." *See Oxford Health*, 133 S. Ct. at 2069. As a result, the Arbitrator did not exceed her powers and her decision cannot be vacated pursuant to § 10(a)(4).

Petitioner argues that the Supreme Court in *Oxford Health* abrogated the Fifth Circuit's decision in *Reed v. Florida Metro. Univ. Inc.*, 681 F 3d 630 (5th Cir. 2012),

and held "that arbitrators can find class arbitration permitted based upon contractual interpretation that does not include express written consent to class arbitration." *See* Motion to Remand, pp. 1-2. The Supreme Court in *Oxford Health* did not, however, overrule the Fifth Circuit's decision in *Reed* on its merits. Instead, the Supreme Court overruled the Fifth Circuit because the circuit improperly applied § 10(a)(4) to allow a court to vacate an arbitration award.[2] *See Oxford Health*, 133 S. Ct. at 2068 n.1. In *Oxford Health*, the arbitrator interpreted a parties' arbitration clause to permit class arbitration, notwithstanding its silence on the issue. The Supreme Court stated clearly that nothing in its opinion "should be taken to reflect any agreement with the arbitrator's contract interpretation, or any quarrel with Oxford's contrary reading." *Id.* at 2070. The Supreme Court stated further that "convincing a court of an arbitrator's error – even his grave error – is not enough." *Id.*

---

[2] In *Reed*, the parties' arbitration agreement was silent on the issue of class arbitration. The arbitrator in *Reed* construed the agreement to allow class arbitration, and the district court confirmed the award. *See Reed*, 681 F.3d at 633. On appeal, the defendant argued that the "exceedingly deferential standard of review applicable to arbitration awards precludes [a court] from vacating the award." *Id.* at 636. The Fifth Circuit reversed the district court, finding that the arbitrator exceeded his powers when he "forced the parties into class arbitration without a contractual basis for doing so," and holding that the district court should have granted the motion to vacate the arbitrator's decision under § 10(a)(4). *Id.* at 638.

Where, as here, the arbitrator interpreted the parties' contract, § 10(a)(4) does not allow a court to vacate the arbitrator's decision. Consequently, the Court denies the Petition to Vacate and the Motion to Remand.

### III.  CONCLUSION AND ORDER

As made clear by the Supreme Court in *Oxford Health*, the only inquiry before this Court is whether the Arbitrator interpreted the parties' contract. "Under § 10(a)(4), the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all." *Oxford Health*, 133 S. Ct. at 2017. Because it is clear from her ruling that the Arbitrator in this case in fact interpreted the arbitration clause from the parties' contract, she did not exceed her powers under § 10(a)(4). Accordingly, it is hereby

**ORDERED** that Petitioner's Petition to Vacate [Doc. # 1] and Motion to Remand [Doc. # 24] are **DENIED**. The Court will issue a separate final order.

SIGNED at Houston, Texas, this 30th day of **September, 2013**

_____
Nancy F. Atlas
United States District Judge